**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Samuel Lamar Burnside, Appellant.

Appellate Case No. 2020-000133

_____

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

_____

Unpublished Opinion No. 2023-UP-180
Heard April 6, 2023 – Filed May 17, 2023

_____

**AFFIRMED**

_____

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Assistant Attorney General Julianna E. Battenfield, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

_____

**PER CURIAM:**  Samuel L. Burnside appeals his convictions for murder and possession of a weapon during the commission of a violent crime.  On appeal, Burnside argues the trial court erred by failing to quash the jury panel when the State used a peremptory strike in a racially discriminatory manner.  We affirm.

Weighing the totality of the facts and circumstances in the record, we hold the trial court did not err by denying Burnside's request to quash the jury panel.  *See State v. Blackwell*, 420 S.C. 127, 148, 801 S.E.2d 713, 724 (2017) ("Whether a *Batson*[1] violation has occurred must be determined by examining the totality of the facts and circumstances in the record." (quoting *State v. Shuler*, 344 S.C. 604, 615, 545 S.E.2d 805, 810 (2001))); *State v. Weatherall*, 431 S.C. 485, 493, 848 S.E.2d 338, 343 (Ct. App. 2020) ("The trial court's findings regarding purposeful discrimination are accorded great deference and will be set aside on appeal only if clearly erroneous." (quoting *Blackwell*, 420 S.C. at 148, 801 S.E.2d at 724)); *id.* at 494, 848 S.E.2d at 343 ("In order to establish a prima facie case of discrimination, the challenging party must show (1) that the prospective juror was a member of a protected group; (2) that the State exercised peremptory challenges to remove members of the group from the jury; and (3) that these facts and other relevant circumstances raise an inference that the State used peremptory challenges to exclude the prospective juror from the jury on account of their group."); *State v. Inman*, 409 S.C. 19, 26, 760 S.E.2d 105, 108 (2014) ("Step two of the analysis is perhaps the easiest step to meet as it does not require that the race-neutral explanation be persuasive, or even plausible."); *State v. Tucker*, 334 S.C. 1, 8, 512 S.E.2d 99, 102 (1999) ("Then, the opponent of the strike must show that the race-neutral explanation given was mere pretext."); *Shuler*, 344 S.C. at 621, 545 S.E.2d at 813 ("[T]he composition of the jury panel is a factor that may be considered when determining whether a party engaged in purposeful discrimination pursuant to a *Batson* challenge."); *State v. Cochran*, 369 S.C. 308, 315, 631 S.E.2d 294, 298 (Ct. App. 2006) ("[U]nless the discriminatory intent is inherent in a fundamentally implausible explanation, the opponent of the strike must make a bona fide showing that the proponent of the strike seated a juror who shared nearly every quality with the struck juror other than race to establish pretext.").

**AFFIRMED.**

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).